**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| KENNETH S FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Defendants. | CASE NO. 1:26-CV-501-HAB-ALT |

**OPINION AND ORDER**

Pro se Plaintiff Kenneth S. Ferguson ("Ferguson") filed a complaint against United States Attorney General Todd Blanche, Indiana Attorney General Todd Rokita, and Grant County Superior Court Judge Jeffrey Todd (collectively "Defendants"). (ECF 1). He also has filed a motion to proceed in forma pauperis. (ECF 2).

Under 28 U.S.C. § 1915, the court "may authorize the commencement [of this appeal] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[1] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to

[1] *See* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Ferguson's complaint bounces around between entirely disconnected events. He includes claims about missing case numbers and filings in various Indiana state and federal courts. (ECF 1, at 2). He briefly notes different interactions with law enforcement. (*Id.*). Ferguson also details unsuccessful efforts to get back property seized from him by law enforcement. (*Id.*). For these alleged wrongs, he seeks return of property and money, as well as expungement of his legal and BMV records that are described in other cases of his that he cites in the complaint. (*Id.*, at 3). Ferguson also attached 91 pages of additional documents to his complaint. (ECF 1-1). These include filings and orders from separate federal cases he has brought, as well as completely blank forms that seem to stem from state court proceedings. (*Id.*). In the 100 pages included in this original filing, Ferguson makes no direct mention of the Defendants or any actions they took other than naming them as the Defendants. The only connection the Court can discern is one state case Ferguson listed which Judge Todd presided over. (*Id.*, at 1).[2]

Even assuming Ferguson financially qualifies to proceed in forma pauperis, his complaint must be dismissed. He has not alleged any specific facts involving any of the three Defendants, let alone anything that would subject them to liability. To the extent that the state case mentioned

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of this case: *State of Indiana v. Kenneth Ferguson McCain*, Case No. 27D01-1302-FC-000011.

implies any misconduct by Judge Todd, no claims could be brought against him because he has absolute immunity for actions taken in his official role. *See Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 422–24 (1976).

Because of the complaint's length, confusing nature, and lack of connection between the facts and the named defendants, the Court finds Ferguson's complaint meritless and frivolous. Amendment would thus be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

For these reasons, the Court:

(1) DENIES Ferguson's Motion to Proceed in Forma Pauperis (ECF 2); and

(2) DISMISSES this case WITH PREJUDICE.

**SO ORDERED** on October 28, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT